UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES E. S. EUBANKS,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 3:24-CV-752-JVB-APR<br>) |
| SMITH, *et al.*,<br>　　　Defendants. | )<br>) |

**OPINION AND ORDER**

　　　James E. S. Eubanks, a prisoner without a lawyer, filed a complaint. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

　　　On November 12, 2023, Eubanks was charged with arson after a fire broke out in his cell. *See* ISP-23-11-003271. Eubanks indicated that the outlet in his cell spontaneously combusted. He denied his guilt and asked that the video footage be viewed to determine what happened. DHB Officer Ms. Smith found Eubanks guilty of the offense, and Eubanks lost good time credit. That finding of guilt was overturned on August 1, 2024. (ECF 1-1). Eubanks is suing DHB Officer Ms. Smith for a violation of his due process rights.

　　　The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Due process, however, is only required when punishment extends the duration of confinement or imposes an

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Smith's term of confinement was extended until the good credit was restored. *See Burnett v. Butts*, No. 22-1198, 2023 WL 5276605, at *2 (7th Cir. Aug. 16, 2023) ("Burnett is correct that his loss of good-time credits deprived him of a protected liberty interest during the period that the prison withheld them.").

The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).

Here, giving the benefit of all plausible inferences, he has adequately alleged that DHB Officer Ms. Smith deprived him of good time credits without evidence to support the finding. Therefore, he may proceed against DHB Officer Ms. Smith. However, he may not proceed against the DHB, DHB Board or DHB Appeal, because these are not suable entities. Even if they were, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, the DHB, DHB Board and DHB Appeal Board cannot be held liable for the actions of DHB Officer Ms. Smith.

For these reasons, the Court:

(1) **GRANTS** James E. S. Eubanks leave to proceed against DHB Officer Ms. Smith in her individual capacity for nominal, compensatory, and punitive damages for finding him guilty of a disciplinary offense resulting in a loss of good time credit under disciplinary offense case ISP-23-11-003271, in the absence of some evidence supporting the finding of guilt, as required by due process, in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** DHB, DHB Board and DHB Appeal;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) DHB Officer Ms. Smith at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if she does not waive service and it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), DHB Officer Ms. Smith to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 18, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT